UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COURT FILE NO:  CV-

| | | |
|---|---|---|
| **DONALD HOPKINS, an individual** | ) | |
| **Plaintiff** | ) | |
| v. | ) | **COMPLAINT** |
| **CLIENT SERVICES, INC.** | ) | |
| a corporation | ) | **JURY TRIAL DEMANDED** |
| **Defendant** | ) | |

**COMPLAINT**

**I.  JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq* (hereinafter "FDCPA"), Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa.C.S. 2270.1 *et seq* (hereinafter "FCEUA") and Pennsylvania Unfair Trade Consumer Protection Law, 72 Pa.C.S 201-1, *et seq* (hereinafter "UTCPL"), which prohibit debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

2. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides within this district.

**II.  PARTIES**

3. Plaintiff, Donald Hopkins ("Plaintiff"), is a natural person who resides at 1208 Bullens Lane, Woodlyn, Pennsylvania 19094 and is a "consumer" as that term is defined by 15 U.S.C. section 1692a(3).

4. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, in this case, a credit card, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

5.      Defendant, Client Services, Inc. ("CSI"), is upon information and belief, a corporation located at 3451 Harry S. Truman Blvd., St. Charles, Missouri 63301, and, at all time relevant herein, operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and FCEUA, 73 P.S. § 2270.3.and acted by and through its owners, managers, officer, shareholders, authorized representatives, partners, employees, agents and/or workmen.

6.      Defendants, at all times relevant hereto, were persons who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

### III.  FACTUAL ALLEGATIONS

7.      In or about early March, 2011, Plaintiff's neighbor received a telephone call from a woman who identified herself as Jackie.

8.      Jackie informed Plaintiff's neighbor that she was looking for Plaintiff and asked the neighbor to pass a message along to Plaintiff that Plaintiff should call Jackie at 877-288-0504.

9.      The aforesaid telephone number belongs to Defendant.

10.     On several occasions, Defendant called Plaintiff after 10:00 p.m.

### IV. CAUSES OF ACTION

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. section 1692, et seq.**

11. Plaintiff incorporates her allegations of paragraphs 1 through 10 as though set forth at length herein.

12. Defendant's aforestated actions violated the FDCPA as follows:

(a) Defendant violated 15 U.S.C. § 1692c(a)(1) by contacting the consumer at any unusual time known to be inconvenient to the consumer, before 8:00 a.m. or after 9:00 p.m.

(b) Defendant violated 15 U.S.C. § 1692b(1) by contacting a third party and failing to state that the collector is confirming or correcting location information.

(c) Defendant violated 15 U.S.C. § 1692c(b) by communicating with anyone except consumer, consumer's attorney, or credit bureau concerning the debt.

(d) Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

(e) Defendant violated 15 U.S.C. § 1692f by using any unfair or unconscionable means to collect or attempt to collect an alleged debt.

13. As a direct and proximate result of the Defendant's illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and expenses.

14. As a direct and proximate result of Defendant's illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, and frustration, fear, embarrassment and humiliation.

15. Plaintiff has been seriously damaged by Defendant's violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys fees.

16. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs in accordance with 15 U.S.C. § 1692k.

## CLAIMS FOR RELIEF

17.     Plaintiff incorporates by reference paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

19.     As a result of each of Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Lois Hopkins, prays that judgment be entered against Defendant for the following:

(1)     Actual damages;

(2)     Statutory damages in the amount of $1,000.00;

(3)     Reasonable attorney's fees and costs;

(4)     Declaratory judgment that the Defendants' conduct violated the FDCPA;

(5)     Such other and further relief that the Court deems just and proper.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
## (FCEUA, 73 Pa. C.S § 2270.1, et. seq.

20.     Plaintiff incorporates his allegations of paragraphs 1 through 19 as though set forth at length herein.

21.     Defendant violated FCEUA, 73 P.S. § 2270.4(a), because any violation of FDCPA by a debt collector, as set forth above, constitutes an unfair or deceptive debt collection act or practice under FCEUA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Donald Hopkins, prays that judgment be entered against Defendant for the following:

(1)     An Order declaring that Defendants violated the FCEU;

(2)     Actual damages;

(3)     Treble damages;

(4)     Reasonable attorney's fees and costs;

(5)     Such other and further relief that the Court deems just and proper.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE CONSUMER PROTECTION LAW
## ("UTCPL"), 73 Pa. C.S § 201-1, et. seq.

22.     Plaintiff incorporates her allegations of paragraphs 1 through 21 as though set forth at length herein.

23.     Defendant violated UTPCPL, because, pursuant to FCEUA, 73 P.S. § 2270.5(a), any unfair or deceptive debt collection act or practice under FCEUA by a debt collector or credit, as set forth above, constitutes a violation of UTPCPL.

24.     Other unfair or deceptive acts or practices defined as such in 73 P.S. §201-2(4) committed by Defendant include, but are not limited to, the following:

Defendant engaged in fraudulent or deceptive conduct which would create the likelihood of confusion or of misunderstanding.

25.    Pursuant to UTPCPL, 73 P.S. § 201-3, such acts and practices are unlawful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Donald Hopkins, prays that judgment be entered against Defendant for the following:

(1)    An Order declaring that Defendants violated the UTCPL

(2)    Actual damages;

(3)    Treble damages;

(4)    Reasonable attorney's fees and costs;

(5)    Such other and further relief that the Court deems just and proper.

**V.  DEMAND FOR JURY TRIAL**

26.    Plaintiff incorporates by reference paragraph 1 through 25 of this Complaint as though fully set forth herein.

27.    Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7.Fed.R.Civ.P.38.

                    Respectfully submitted,

                    Mpf8441/s/*Michael P. Forbes*
                    _____
                    Law Office of Michael P. Forbes, P.C.
                    By: Michael P. Forbes, Esquire
                    Attorney for Plaintiff
                    Attorney I.D.#55767
                    200 Eagle Road
                    Suite 220
                    Wayne, PA 19087
                    (610 293-9399
                    (610)293-9388 (Fax)
                    michael@mforbeslaw.com

*Attorney for Plaintiff, Donald Hopkins*